**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

|  |  |
|---|---|
| CRAIG TOBELER, ) | 3:09-cv-00309-ECR-RAM |
|     Plaintiff, ) |  |
| vs. ) | **Order** |
| MICHAEL J. ASTRUE, Commissioner ) of Social Security, ) |  |
|     Defendant. ) |  |

This action arises from a denial of disability benefits. Plaintiff filed a motion to remand (#16), and Defendant filed a cross-motion for summary judgment (#19).  The motions were referred to the Magistrate Judge, who submitted a Report and Recommendation (#26) on October 12, 2010, recommending that this Court deny Plaintiff's motion to remand (#16), and grant Defendant's cross-motion for summary judgment (#19) on the basis that any errors were harmless, and the Administrative Law Judge ("ALJ")'s determination was supported by substantial evidence.  On October 28, 2010, Plaintiff filed objections (#27) to the Report and Recommendation (#26), and on November 12, 2010, Defendant filed a response (#28) to Plaintiff's objections (#27).

We have reviewed *de novo* the portion of the Report and Recommendation to which objections were made.  See 28 U.S.C. §

636(b)(1).  After consideration of the action and all relevant law, we will sustain Plaintiff's objection to the Magistrate Judge's finding that the ALJ's failure to address lay witness evidence was harmless error.  In doing so, we must grant Plaintiff's motion to remand (#16) and deny Defendant's cross-motion for summary judgment (#19).  Because the failure to address lay witness taints the disability determination, we will remand the action for reconsideration of all competent evidence.

## **I. Factual and Procedural Background**

Plaintiff Craig Tobeler filed an application for disability insurance benefits on January 18, 2006.  (Pl's Mot. to Remand at 2 (#16).)  Plaintiff alleges that attention deficit disorder (ADD), attention deficit hyperactivity disorder (ADHD), depression, and anxiety disorder caused him to be permanently and completely disabled since January 1, 1999.  (Tr. 78-80, 90-91.)  The date last insured is September 30, 1999.  (Tr. 28.)  The Commissioner initially denied Plaintiff's application on March 23, 2006, and upon reconsideration.  (Tr. 50-53, 58-61.)  Plaintiff filed a written request for a hearing on April 20, 2007.  (Id.)  On March 19, 2008, a hearing was held before the ALJ, who issued a written decision dated June 25, 2008 denying the claim for benefits.  (Id.)  Plaintiff appealed the decision, and the Appeals Council denied review.  (Id.)  Plaintiff then appealed the decision of the ALJ in federal court.  (Compl. (#1).)

## II. Discussion

In the Report and Recommendation (#26), the Magistrate Judge determined that the ALJ erred in failing to address the lay witness testimony, but that the error was harmless. The Report and Recommendation (#26) also concluded that the ALJ did not err in rejecting the opinion of Plaintiff's treating physician, that the ALJ did not err in rejecting Plaintiff's credibility, that the ALJ did not err by failing to make findings with respect to an evaluation of Plaintiff's psychological disorders other than depression, and finally, that the ALJ did not err in failing to take vocational expert testimony. Plaintiff's only objection (#27) to the Report and Recommendation (#26) is to the Magistrate Judge's determination that the ALJ's failure to consider lay witness evidence was harmless error.

In determining whether a claimant is disabled, an ALJ "must consider lay witness testimony concerning a claimant's ability to work." Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony is competent evidence that an ALJ must take into account, unless he "expressly determines to disregard such testimony, in which case 'he must give reasons that are germane to each witness.'" Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (quoting Dodril v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)). The Ninth Circuit noted in Stout that "we, along with our sister circuits, have consistently reversed the Commissioner's decisions for failure to comment" on evidence such as lay testimony describing how an impairment limits a claimant's ability to work. Stout, 454 F.3d at 1055-56.

3

1      The Magistrate Judge correctly concluded that the ALJ in this
2 case erred in neglecting to address the lay witness testimony.
3 Chater, 100 F.3d at 1467.  In such cases, a heightened harmless
4 error standard applies, such that "a reviewing court cannot consider
5 the error harmless unless it can confidently conclude that no
6 reasonable ALJ, when fully crediting the testimony, could have
7 reached a different disability determination."  Stout, 454 F.3d at
8 1056.
9      The lay witness evidence here consists of testimony from
10 Plaintiff's wife and former employer.  Plaintiff's wife submitted a
11 third-party report describing how Plaintiff's impairments limit his
12 ability to function.  (Tr. 129-136.)  Plaintiff's wife stated that
13 Plaintiff is able to do chores such as vacuuming, delivering bills,
14 shopping, and walking and feeding the dog, but on some occasions he
15 is not able to get out of the house, or cannot do these activities
16 because of mental anxiety or depression.  (Id. at 129-133.)
17 Plaintiff's wife stated that he has difficulty functioning in public
18 places and with maintaining his temper.  (Id. at 130.)  She also
19 indicated that Plaintiff spends time with others skiing, talks with
20 family a couple of times a month, and does not have problems getting
21 along with family, friends, and neighbors.  (Id. at 133-134.)  She
22 stated that Plaintiff sometimes needs to be reminded to go places,
23 is unable to control his mind, experiences memory loss, has
24 difficulty concentrating, confuses instructions, and has conflicts
25 with others.  (Id.)  Plaintiff has been fired from a job because of
26 his temper and loudness.  (Id. at 135.)  In addition, she stated
27 that he experiences anxiety disorders or panic disorders on a daily
28

basis, and that there are days when Plaintiff will sleep all day and has no motivation. (Id. at 135-136.)

Plaintiff's former employer, George Bandy, submitted a letter regarding his knowledge of Plaintiff's problems. (Id. at 137-140.) Mr. Bandy admits that he had very little recent contact with Plaintiff until the request for this letter arrived. (Id. at 140.) Plaintiff worked for Mr. Bandy's flooring company in the early 1980s. (Id. at 138.) About a year into this employment, Mr. Bandy started receiving complaints about Plaintiff's temper from customers and other employees. (Id.) Mr. Bandy reports that he had to terminate Plaintiff's employment after receiving a complaint that Plaintiff ran someone off the road in a company truck and knocked their window out. (Id. at 139.) Mr. Bandy later attempted to employ Plaintiff again, but reports that Plaintiff's temper had become even more violent, and that Mr. Bandy was unable to continue employing Plaintiff due to complaints. (Id. at 139-141.)

When fully crediting this testimony, as required under Stout, we are unable to conclude that "no reasonable ALJ . . . could have reached a different disability determination." Stout, 454 F.3d at 1056. The lay witness evidence corroborates Plaintiff's own statements about his symptoms and how they affected his ability to work. In this case, the ALJ discredited Plaintiff's testimony. The Report and Recommendation (#26) concludes that the ALJ's rejection of Plaintiff's credibility was supported by substantial evidence. The Report and Recommendation further concludes that the because the lay witness testimony "merely corroborated Plaintiff's own testimony, which was deemed incredible by the ALJ, the error in

failing to discuss the lay witness evidence is harmless." (Report and Recommendation at 8 (#26).)  We disagree.  In light of the ALJ's finding that Plaintiff's testimony was incredible, it was even more essential that the ALJ consider and address competent evidence that corroborated Plaintiff's statements.  The lay witness evidence, if properly considered, may have persuaded the ALJ to credit Plaintiff's statements, and resulted in a different disability determination.  Because the ALJ failed to comment on the lay witness testimony, Plaintiff's objections (#27) to the Report and Recommendation (#26) will be sustained.  Furthermore, Plaintiff's motion to remand (#16) will be granted, and Defendant's cross-motion for summary judgment (#19) will be denied.

While Plaintiff's objections (#27) dealt solely with the finding that the ALJ's failure to address the lay witness evidence was harmless error, we find that the conclusion of the Report and Recommendation (#26) that Plaintiff's statements were properly found to be incredible must also be rejected.  Therefore, it will be necessary for the ALJ to reconsider Plaintiff's credibility in light of the lay witness evidence.

However, because there were no additional objections filed, and because the Magistrate Judge's conclusions are supported by law as to the issues of the ALJ's rejection of Plaintiff's treating physician's opinion, the ALJ's failure to make findings with respect to Plaintiff's psychological disorders other than depression, and the ALJ's failure to take vocational expert testimony, we adopt those portions of the Report and Recommendation (#26).

6

## IV. Conclusion

The ALJ did not address relevant lay witness evidence corroborating Plaintiff's own statements regarding his symptoms and their effect on his ability to work.  Failure to address such evidence is grounds for remand unless the error is harmless under a strict standard requiring that no reasonable ALJ, when fully crediting the testimony, could reach a different disability determination.  Because we are unable to conclude that the error is harmless under that standard, we sustain the objections (#27) to the Report and Recommendation (#26), and remand the action with directions to issue a new decision that considers and addresses the lay witness evidence.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's objections (#27) to the Report and Recommendation (#26) are **SUSTAINED** on the following basis: the Report and Recommendation (#26) is rejected with respect to the issues of lay witness evidence and Plaintiff's credibility, and adopted with respect to the remaining issues.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand (#16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's cross-motion for summary judgment (#19) is **DENIED**.

The Clerk shall enter judgment accordingly.

DATED: April 11, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE