**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| CRAIG TOBELER, ) | 3:09-cv-00309-ECR-RAM |
| Plaintiff, ) | |
| vs. ) | **Order** |
| MICHAEL J. ASTRUE, Commissioner ) of Social Security, ) | |
| Defendant. ) | |

On April 12, 2011, the Court entered an Order (#29) remanding the action for consideration of lay witness testimony. On May 19, 2011, Plaintiff filed a Motion for Attorney's Fees (#32) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requesting EAJA fees in the amount of $8,033.52.

On July 5, 2011, Defendant opposed (#35) the request for EAJA fees on the basis that the government's position was substantially justified. In the event that fees are granted, Defendant argues that Plaintiff's requested fees are excessive. A party is entitled to EAJA fees unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1).

In this case, we remanded the action because the ALJ failed to address lay witness testimony that corroborated Plaintiff's statements,

which the ALJ found to be uncredible. Defendant argues that the Plaintiff's wife's lay witness report concerned a period after the relevant disability period in this case. Plaintiff's employer's lay witness report did not give specific times and dates, and therefore may also be irrelevant to the Administrative Law Judge's ("ALJ") ultimate conclusion on remand. The case was remanded because of the heightened harmless error standard when lay witness testimony is not addressed by the ALJ, but under the circumstances, we cannot find that the government's position was not substantially justified. While Plaintiff prevailed on the issue of lay witness testimony, the remainder of the ALJ's conclusions were affirmed.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion for Fees (#32) is **DENIED**.

DATED: April 16, 2012.

_____
UNITED STATES DISTRICT JUDGE