UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG TOBELER, | ) |
| | )   3:09-cv-00309-LRH-VPC |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **ORDER** |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | )   October 21, 2014 |
| _____ | ) |

Before the court is plaintiff's motion for attorney fees (#51)[1] in a case concerning Social Security benefits. Defendant opposes a portion of the fees plaintiff seeks. (#54). The action was referred by the Honorable Larry R. Hicks, United States District Judge, to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules IB 1-4. For the reasons discussed below, the court grants plaintiff's motion for fees and costs in the respective amounts of $16,713.43 and $1,378.51.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 10, 2009, Plaintiff Craig Tobeler ("plaintiff") filed a complaint for judicial review of the Social Security Commissioner's ("defendant") denial of his applications for Social Security benefits. (#1). Magistrate Judge Robert McQuaid entered a Report and Recommendation to District Judge Edward Reed on October 12, 2010 in favor of defendant. (#26). Plaintiff objected, and Judge Reed sustained the objection and ordered remand to the Agency. (#29). Thereafter, plaintiff moved for fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). (#32). On April 17,

---

[1] Refers to the court's docket numbers.

-1-

2012, Judge Reed denied the fees motion. (#41). Plaintiff appealed to the Ninth Circuit. On April 14, 2014, the Ninth Circuit ruled in his favor and remanded for an award of fees as determined by the District Court. (#45). This action follows.

## II. DISCUSSION

The EAJA provides attorney fees to the prevailing party in an action seeking review of an adverse Social Security benefits determination, unless the Agency's position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). The touchstone of the award is reasonableness. *See id.* § 2412(d)(2)(A) (providing that recoverable fees and expenses include "reasonable attorney fees"); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'"). To determine reasonableness, the court uses the lodestar method, under which the reasonable number of hours are multiplied by a reasonably hourly rate. *Costa v. Comm'r of Soc. Sec. Admin*, 690 F.3d 1132, 1135 (9th Cir. 2012). The lodestar amount is presumptively correct, but the court may modify the amount based on factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) when the initial lodestar calculation inadequately reflects pertinent considerations. *Mendez v. Cnty. of San Bernadino*, 540 F.3d 1109, 1129 (9th Cir. 2008).

The sole issue before the court is the amount of plaintiff's fees under the EAJA. The parties agree to taxation of costs in the amount of $1,378.51, as provided by 28 U.S.C. § 1920.[2] Relying on the lodestar method, plaintiff seeks fees in the amount of $16,989.91 for services rendered by lead counsel John Boyden and appellate counsel Linda Ziskin. (#51 at 10). Defendant contends that plaintiff's motion unreasonably seeks payment for (1) certain tasks related to extension requests; (2) bill preparation by Ms. Ziskin; (3) Ms. Ziskin's services that preceded federal court litigation by

---

[2] As defendant observes, plaintiff's filings are somewhat unclear as to costs, but the correct amount appears to be $1,378.51. (#54 at 2 n.2). Plaintiff agrees in reply (#55 at 6), and the court accepts this figure as correct.

several months; (4) tasks that are vaguely described; (5) Ms. Ziskin's duplicative review of the record; (6) excessive time spent by Mr. Boyden and Ms. Ziskin discussing a mediation questionnaire; and (7) excessive time Ms. Ziskin spent reviewing the Ninth Circuit's order remanding this case. (#54 at 3-5). In total, defendant seeks a reduction of $2,045.70. (#54 at 5).

### 1. Requests for Extension of Time.

Defendant requests reduction of 1.7 hours for time related to extension requests. (#54 at 3). The court finds a reduction unwarranted. The court granted several extensions in this case, to both parties, and in each instance the parties conferred and entered stipulations. Extensions in Social Security cases are not only routine in this district, but also are part of an attorney's obligation to the client and thus are properly recoverable. *E.g. Fouissi v. Astrue*, No. 1:07cv0445 DLB, 2008 WL 2018344, at *2 (E.D. Cal. May 6, 2008); *Fortes v. Astrue*, No. 08cv317 BTM(RBB), 2009 WL 3007735, at *3 (S.D. Cal. Sept. 17, 2009). The court finds 1.7 hours a reasonable amount of time for these tasks, and therefore declines to reduce the award.

### 2. Bill Preparation.

Defendant next seeks a reduction of one hour for Ms. Ziskin's preparation of the supplemental time log and discussion of hours with Mr. Boyden. (#54 at 3). The court declines to reduce for this hour. Attorney time records should be compiled contemporaneously with the attorney's work, and attorneys may not charge clients for overhead costs like maintaining time records. *See Reyna v. Astrue*, No. 1:09-cv-00719-SMS, 2011 WL 6100609, at *4 (E.D. Cal. Dec. 6, 2011). However, certain billing tasks related to EAJA fees motion may be properly billable, as attorneys must review time logs for accuracy and ensure that the motion and logs reveal no privileged information. *See Fortes*, 2009 WL 3007735, at *4. In this instance, the court finds the one hour request reasonable, as the description suggests that Ms. Ziskin was preparing and ensuring

the accuracy of the supplemental log, and also discussing with Mr. Boyden which hours would be sought in the EAJA motion.

### 3. Ms. Ziskin's Pre-Litigation Hours.

Defendant challenges .7 hours sought for Ms. Ziskin's services in May 2009 (#54 at 3), which she described as reviewing the ALJ's decision "for possible USDC complaint" and discussing possible case issues with Mr. Boyden. (#52-3 at 3). The court disagrees with defendant's position. As the Supreme Court has explained, "some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed 'on the litigation.'" *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 243 (1985); *see also Berman v. Colvin*, 2014 WL 4809886, at *4 (D. Nev. Sept. 29, 2014) (observing that pre-filing work may focus on contemplated district court litigation or the underlying administrative proceeding). Ms. Ziskin's entries indicate a focus on this action, rather than the remaining work left in the administrative proceeding. Accordingly, the .7 hours is recoverable under the EAJA.

### 4. Ten Percent Reduction for Vagueness.

Defendant asks for a blanket ten percent reduction, in the amount of $930.63, because Ms. Ziskin's entries for the Ninth Circuit appeal are allegedly "vague and inadequately explained." (#54 at 3). In particular, defendant points to entries such as "prepare to write reply brief," and "continue writing opening brief." (#54 at 3). The reduction is not warranted because defendant mischaracterizes the time log through selective omission. For example, the entry in which Ms. Ziskin indicated she prepared to write the reply brief states in full: "prepare to write reply brief; review file and all briefs below; read, outline and annotate def's brief." (#52-4 at 1). For another, the full entry that begins "continue writing opening brief" indicates additional tasks: "research; discuss with outside counsel (no charge for second atty)." (#52-4 at 1). The court finds the

descriptions sufficiently clear about the work that Ms. Ziskin performed, such that the court can confidently determine that the amounts are reasonable. As defendant correctly states, the court has discretion to recommend a reduction of ten percent. *See Costa*, 690 F.3d at 1136. But it is not required to do so where the requested hours reasonable and the work is sufficiently described. The court declines defendant's request for the blanket reduction absent a more compelling rationale.

### 5. Duplicative Hours.

Defendant argues for a reduction of 1.9 hours in which Ms. Ziskin reviewed defendant's supplemental excerpts of the record in the Ninth Circuit appeal. (#54 at 4). Defendant so contends because Ms. Ziskin reviewed the entire record for 3.9 hours when preparing her opening brief two months prior, and the material was apparently identical. (#54 at 4). The court agrees with defendant that some reduction is merited. Where duplicative hours are unnecessary, a reduction in fees is proper. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2007). Yet as the Ninth Circuit has recognized, "sometimes 'the vicissitudes of the litigation process' will require lawyers to duplicate tasks." *Costa*, 690 F.3d at 1136 (quoting *Moreno*, 534 F.3d at 1113). The court recognizes that an attorney cannot simply ignore the excerpts an opposing counsel references in its brief when preparing to draft a reply to the same, and it is unreasonable to expect that an attorney will remember every pertinent detail of a voluminous case record for two months. Accordingly, the court will reduce the award by one hour, in the amount of $184.32, to account for possible redundancy.

### 6. Mediation Questionnaire.

Defendant also contends that the 1.2 hours sought by Ms. Ziskin for completion and discussion of the Ninth Circuit's mediation questionnaire[3] is excessive, particularly given Ms.

---

[3] Mediation Questionnaire, http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Mediation_Questionnaire.pdf.

Ziskin's expertise in Social Security cases. (#54 at 4). The court agrees with defendant. As the form asks only for basic and brief case information, the court sees no reason that two experienced attorneys would be unable to complete the form in about thirty minutes. Accordingly, the court will reduce the award by $92.16, as defendant requests.

### 7. Review of the Ninth Circuit Order.

Finally, defendant asks for a reduction of .7 hours, in the amount of $132.85, for Ms. Ziskin's review of the Ninth Circuit's order remanding this case for an award of fees and discussion with Mr. Boyden about further proceedings in this court. (#54 at 5). Defendant contends the order, at eight pages, is so short that any time over .5 hours is excessive. The court disagrees. The procedural history of the case indicates that defendant has strongly opposed an award of fees at every turn. Therefore, the court cannot find that the 1.2 hours Ms. Ziskin spent reviewing the appellate order and also anticipating with co-counsel what arguments defendant might raise in this action—presumptively with the intent to preemptively respond to those arguments—is excessive or unreasonable. The court thus declines this request for reduction.

### III. CONCLUSION

Plaintiff seeks $16,989.91 in fees and $1,378.51 in costs. For the reasons above described, the court finds proper a reduction of $276.48 in EAJA fees. Accordingly, the court grants plaintiff's motion for fees and costs (#51) in the amounts of $16,713.43 and $1,378.51.

**IT IS THEREFORE ORDERED** that plaintiff's motion for fees and costs (#51) is **GRANTED** in the amounts of $16,713.43 and $1,378.51.

**IT IS FURTHER ORDERED** that, subject to any offset allowed under the Treasury Offset Program, as discussed *Astrue v. Ratliff*, 560 U.S. 586 (2010), defendant will send payment to Mr. Boyden.

**IT IS FURTHER ORDERED** that if neither party objects to this Order within the period allowed by Local Rule IB 3-1, plaintiff will have 10 additional days in which to file a supplemental motion for fees related to litigating this fees motion.

**IT IS FURTHER ORDERED** that if either party objects to this Order, plaintiff will have 10 days from the entry of the District Court's decision relating to said objection in which to file a supplemental motion for fees.

**IT IS FINALLY ORDERED** that the Clerk shall close this case if plaintiff does not timely file the supplemental motion as above described.

**DATED:** October 21, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**