**UNITED STATES DISFTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRAIG TOBELER,  <br><br>    Plaintiff,  <br><br>  v.  <br><br>CAROLYN W. COLVIN,  <br>Acting Commissioner of Social Security,  <br><br>    Defendants | 3:09-cv-00309-LRH-VPC  <br><br><br><u>**ORDER**</u> |

Before the court is plaintiff's motion for supplemental attorney fees (#57) in a case concerning Social Security benefits. The action was referred by the Honorable Larry R. Hicks, United States District Judge, to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules IB 1-4. Defendant opposes a portion of the fees plaintiff requests (#58). Plaintiff replied (#59). For the reasons discussed herein, the court grants plaintiff's motion in the amount of $741.86.

## I.   BACKGROUND

On June 10, 2009, Plaintiff Craig Tobeler ("plaintiff") filed a complaint for judicial review of the Social Security Commissioner's ("defendant") denial of his applications for Social Security benefits. (#1). Magistrate Judge Robert McQuaid entered a Report and Recommendation to District Judge Edward Reed on October 12, 2010 in favor of defendant. (#26). Plaintiff objected, and Judge Reed sustained the objection and ordered remand to the Agency. (#29). Thereafter, plaintiff moved for fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). (#32). On April 17, 2012, Judge Reed denied the fees motion. (#41). Plaintiff appealed to the Ninth Circuit. On April

14, 2014, the Ninth Circuit ruled in his favor and remanded for an award of fees as determined by the District Court. (#45). After considering the arguments of the parties regarding the exact amount, this court awarded fees on October 21, 2014 (#56). Therein, the court provided deadlines, with which plaintiff complied, for filing a motion for supplemental fees as permitted by *INS v. Jean*. This order follows.

## II.     LEGAL STANDARD

Under *INS v. Jean*, 496 U.S. 154, 161 (1990), an award of attorney fees under the EAJA includes expenses incurred and reasonable hours expended on litigating the EAJA fees motion. Therefore, the prevailing party may file a supplemental fees motion, and the court may award additional fees thereupon. As with the underlying fees motion, the touchstone of the supplemental award is reasonableness. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'").

Calculation of reasonable attorneys' fees is a two-step process. First, the court computes the "lodestar" figure, which multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014); *see also Agster v. Maricopa Cnty.*, 486 F. Supp. 2d 1005, 1020 (D. Ariz. 2007) ("The Court will use the lodestar method to determine the amount of supplemental fees."). The lodestar amount is presumptively correct. *Mendez v. Cnty. of San Bernadino*, 540 F.3d 1109, 1129 (9th Cir. 2008). Second, and despite the presumption, the court may modify the lodestar amount. *Carter*, 757 F.3d at 869 (citing *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir 1988) for the relevant factors, as first articulated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975)). In this District, the *Kerr* factors are incorporated into Local Rule 54-16.

### III.   DISCUSSION

Plaintiff's motion seeks $1,864.16, and plaintiff's counsel has included a timesheet identifying the tasks associated with litigating the original motion. The sole issue raised by defendant is plaintiff's inclusion of three entries, dated between July 24 and 28, "for tasks related to the original EAJA motion, filed on July 25, 2014." (#58 at 2.) "The demand for such fees—in the absence of any explanation by counsel—is inadequately explained." (*Id*.) Accordingly, defendant seeks a reduction of $380.44. (*Id*.) Plaintiff concedes that the tasks should have been included in the original motion, but seeks these fees on the basis that they are not duplicative. (#59 at 2.)

The court orders as follows. First, the court reduces the award by $380.44. Plaintiff counsel's lack of diligence in preparing the original fees motion is not an appropriate basis for granting the omitted fees at this juncture, even if the fees are not duplicative. Exclusion of those hours deprived defendant and the court an ability to review those tasks in context of the earlier award. As such, it would be unfair to thoughtlessly rubberstamp the requests at this time. Moreover, the court's earlier fee award provided robust compensation to plaintiff's attorneys for the results they obtained.

Second, the court will impose an additional reduction to the supplemental request because the lodestar amount does not appropriately reflect "[t]he novelty and difficulty of the questions involved[.]" LR 54-16(b)(3)(C). In total, plaintiff seeks 7.5 hours for reviewing defendant's opposition (#54), and preparing the reply (#55). Yet the five-page brief discussed very little in terms of defendant's arguments and applicable law, neither of which were complex. In fact, it is fair to characterize the issues as elementary. Plaintiff's reply was comprised of tit-for-tat arguments that failed, even remotely, to aid plaintiff's fees request. The entirety of page four, for example, consisted of counsel's opinions about the Ninth Circuit's mediation program. She chided the

Commissioner at length for the extent to which the Agency mediates (in her view). Not a second of preparing that "argument" was reasonably expended. Accordingly, in light of the product and descriptions of time, the court reduces the fee amount by an additional half. Plaintiff shall receive supplemental fees in the amount of $741.86.

## IV.   CONCLUSION

Plaintiff seeks $1,864.16 in supplemental fees. For the reasons above described, the court reduces the amount as described and, therefore, awards $741.86.

**IT IS THEREFORE ORDERED** that plaintiff's supplemental motion for fees (#57) is **GRANTED** in the amount of $741.86.

**DATED:** March 2, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**